UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:18-CR-00049-JRG-4 |
| | ) | |
| TRUMAN LEE SMITH | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's pro se motion for compassionate release and appointment of counsel [Doc. 189]. The Government has responded in opposition [Docs. 198, 200]. For the reasons that follow, the motion will be denied.

**I.     BACKGROUND**

In November of 2018, Defendant was sentenced to 120 months of imprisonment based on his conviction for conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine [Doc. 124]. Defendant previously filed a motion for compassionate release [Doc. 182], which the Court denied because the exhaustion requirement had not been met [Doc. 185].

Defendant now moves for compassionate release based on his health conditions amid the COVID-19 pandemic and his rehabilitative efforts. He is presently housed at FCI Petersburg Low, and according to the Bureau of Prisons ("BOP"), his projected release date is July 19, 2026. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited April 12, 2022).

## II. APPOINTMENT OF COUNSEL

Defendant asks the Court to appoint counsel to assist him with his compassionate release motion [Doc.189]. However, there is no constitutional right to an attorney in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising that discretion, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary pro se litigant. Moreover, pursuant to this Court's Standing Order SO-21-09, Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent all defendants who file a pro se § 3582(c)(1)(A) motion. FDSET has filed notice that, after review of the defendant's case, it does not plan to submit any supplemental pleadings [Doc. 192]. Therefore, the Court does not find that the interests of justice require appointment of counsel at this time.

## III. COMPASSIONATE RELEASE

### A. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir.

2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

B.  ANALYSIS

Defendant filed a request to be considered for compassionate release with the BOP and his request was denied [Doc. 200-1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A)

to address the merits of Defendant's motion.

Defendant seeks compassionate release primarily due to his medical conditions amid the COVID-19 pandemic [Doc. 189]. Defendant is 37 years old and suffers from major depressive order and hepatitis C,[1] as documented in his medical records from BOP [Doc. 199, at 13]. Hepatitis C is not recognized as a COVID-19 risk factor by the Centers for Disease Control ("CDC"). *See* People with Certain Medical Conditions, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 12, 2022). The CDC has concluded that mood disorders, including depression, "can" increase the risk of serious illness from COVID-19.

However, depression is not an uncommon condition, and Defendant appears to be generally healthy. Significantly, Defendant has already contracted COVID-19 and recovered [Doc. 199, at 14]. He is also fully vaccinated [Doc. 99, at 15, 25, 26], which "substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Further, COVID-19 appears to be fairly well controlled at Defendant's prison. FCI Petersburg Low currently reports only one inmate cases and zero staff cases of COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, http://bop.gov/coronavirus/ (last visited April 12, 2022).

In light of Defendant's relatively healthy state, vaccination, and prior recovery from the virus, as well as the absence of a COVID-19 outbreak at his prison, the Court cannot conclude that

---

1 In addition to the conditions named above, Defendant claims that he suffers from obesity. However, with a weight of 172 pounds [*see* Doc. 199, at 1] and height of 5'9'' [Doc. 103, at 12], he appears to be merely overweight. *See* Adult BMI Calculator, Centers for Disease Control, available https://www.cdc.gov/healthyweight/assessing/ bmi/adult_bmi/english_bmi_calculator/ bmi_calculator.html (accessed April 14, 2022). Defendant also mentions that he had cancer as a child [Doc. 189], but there is no indication in the record before the Court that he currently suffers from that condition.

Defendant's medical conditions combine with the COVID-19 pandemic to create an extraordinary and compelling basis for release.

Defendant also asks the Court to consider his rehabilitative efforts. The Court commends Defendant on his achievements, which he says include a perfect disciplinary record and forklift certification [Doc. 189]. Nevertheless, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t). Accordingly, the Court cannot find that Defendant's rehabilitative efforts constitute a basis for relief.

## IV. CONCLUSION

For the reasons set forth above, Defendant's pro se motion for compassionate release and appointment of counsel [Doc. 189] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
